UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ELISEO HUMBERTO LOPEZ ORELLANA,     )
                                    )
                    Petitioner,     )
                                    )
v.                                  )    Civil Action
                                    )    No. 25-cv-12908-PBS
ANTONE MONIZ, Superintendent,       )
Plymouth County Correctional        )
Facility, et al.,                   )
                                    )
                    Respondents.    )
_____ )

## ORDER

October 10, 2025

Saris, J.

Petitioner Eliseo Humberto Lopez Orellana ("Petitioner"), a citizen of El Salvador, brings this habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. Petitioner entered the United States without inspection in 2011. He lives in Massachusetts with his wife, a lawful permanent resident, and two U.S. citizen children. He works full-time as a landscaper and financially supports his family. He has no criminal record.

On September 18, 2025, the U.S. Department of Homeland Security ("DHS") detained Petitioner, served him with an arrest warrant, and issued a notice to appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present without

1

admission or parole and under 8 U.S.C. § 1182(a)(7)(A)(i) for lacking valid entry documents. Petitioner is applying for cancellation of removal during his removal proceedings, and U.S. Citizenship and Immigration Services has approved his wife's I-130 immediate relative petition for him. Petitioner has been detained since his arrest at the Plymouth County Correctional Facility in Massachusetts.

The parties disagree as to whether Petitioner is subject to discretionary detention with the right to a bond hearing under 8 U.S.C. § 1226(a) or mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). In the government's view, § 1225(b)(2)(A) governs Petitioner's detention because, although he was detained while residing in the United States, he entered the country without inspection and remains an "applicant for admission." The Court recently rejected this argument about the scope of § 1225(b)(2)(A) in Guerrero Orellana v. Moniz, __ F. Supp. 3d __ (D. Mass. 2025) [2025 WL 2809996], and Calel Cumes v. Moniz, No. 25-cv-12514 (D. Mass. Oct. 6, 2025), Dkt. 17. The government concedes that those rulings "would control the result in this case should the Court adhere to its legal reasoning in those prior decisions." Dkt. 11 at 1-2. The Court sees no reason to deviate from its prior rulings on this issue. For the reasons stated in Guerrero Orellana, the Court concludes that Petitioner is detained under § 1226(a), not § 1225(b)(2)(A), and may seek release from

custody at a bond hearing in immigration court. Moreover, as explained in Guerrero Orellana, the Court excuses Petitioner's failure to exhaust administrative remedies on the basis that a request to an immigration judge for a bond hearing would be futile and the delay inherent in such a request would subject Petitioner to irreparable harm in the form of his ongoing mandatory detention. See __ F. Supp. 3d at __ n.2 [2025 WL 2809996, at *4 n.2].

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven business days of the date of this order.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

3